907 So.2d 782 (2005)
Frances GLASS
v.
ALTON OCHSNER MEDICAL FOUNDATION (Ochsner Foundation Hospital), Ochsner Clinic, L.L.C. and Warren R. Summer, M.D.
No. 2004-CA-1824.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 2005.
*783 Clarence F. Favret, III, Favret, Demarest, Russo & Lutkewitte, New Orleans, Counsel for Plaintiff/Appellant.
Charles F. Gay, Jr., C. Byron Berry, Jr., Robert N. Markle, Adams and Reese LLP, New Orleans, Counsel for Defendant/Appellees, Alton Ochsner Medical Foundation (Ochsner Foundation Hospital) and Ochsner Clinic, L.L.C.
Charles C. Foti, Jr., Attorney General, Jude D. Bourque, Assistant Attorney General, Louisiana Department of Justice, Baton Rouge, Counsel for Defendant/Appellee, Warren R. Summer, M.D.
Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY III, Judge TERRI F. LOVE.
LOVE, J.
This appeal arises from a wrongful death claim and survival action in which Ms. Frances Glass (hereinafter "Ms. Glass") asserts Alton Ochsner Foundation Hospital (hereinafter "Ochsner") and Dr. Warren Summer (hereinafter "Dr. Summer") are liable for the death of her son, Wayne Hicks, as a result of Ochsner and Dr. Summer's negligent medical care. Ochsner and Dr. Summer's asserted in response exceptions of res judicata and no right of action, which the trial court granted. It is from this judgment that Ms. Glass filed an appeal.

FACTS AND PROCEDURAL HISTORY
Wayne Hicks, ("Wayne"), a mentally disabled adult, was a resident at the Magnolia School for the mentally disabled in Harahan, Louisiana, when he nearly drowned in the school's swimming pool while under the supervision of two members of the school's staff. Wayne was discovered submerged underwater, where he had been for several minutes. Following the incident Wayne was brought to Ochsner with acute respiratory distress and was admitted under the care of Dr. Summer. Four days after being admitted to the hospital, Wayne died as a result of a bilateral pneumothorax.

24th Judicial District Court of Jefferson Parish
On June 5, 1998, Ms. Glass, Wayne's mother, filed a survival action and wrongful death claim in the 24th Judicial District Court of Jefferson Parish against the Magnolia School, its staff and its insurer, CNA Insurance Company. Ms. Glass asserted that the Magnolia School and its agents were negligent:
1) In failing to properly supervise Wayne;
2) In failing to properly attend, direct or monitor Wayne's utilization of the swimming pool;
3) In failing to discover Wayne timely after he became submerged underwater;
4) In failing to take all necessary precautions and procedures to prevent Wayne from becoming submerged underwater, for any period of time;
5) In failing to properly train or supervise training of Magnolia School employees *784 regarding monitoring and prevention of the type of incident at issue;
6) In failing to appropriately treat or resuscitate Wayne after discovering Wayne underwater;
7) In failing to take other actions known only to Magnolia School and its employees.
On July 27, 1998, Ms. Glass also filed a survival action and wrongful death claim in the Civil District Court for the Parish of Orleans against Ochsner and Dr. Summer alleging malpractice. The allegations of malpractice were presented to the medical review panel which found in favor of the health care providers, ruling that there was no evidence of negligence in Wayne's treatment.[1]
The Magnolia School raised as an affirmative defense to Ms. Glass' assertion of negligence, the negligence of Ochsner and Dr. Summer as alleged in the action brought in Civil District Court for the Parish of Orleans. In response Ms. Glass, filed a Motion in Limine to exclude all evidence of alleged medical malpractice at the Jefferson Parish Proceeding. Ms. Glass asserted that under Weber v. Charity Hospital of Louisiana, 475 So.2d 1047 (La.1985), the Magnolia School as the original tortfeasor could be held 100% liable for the plaintiff's damages including any alleged medical malpractice. The trial court agreed and granted the motion, precluding the Magnolia School from introducing evidence of medical malpractice on the part of Ochsner and Dr. Summer. The Magnolia School appealed this ruling to the Louisiana Fifth Circuit Court of Appeal, who affirmed the trial court's ruling.[2]
The Magnolia School filed writs to the Supreme Court requesting relief from the Fifth Circuit's ruling. The Supreme Court remanded the case to the Fifth Circuit Court of Appeal for briefing, argument and a full opinion. In its opinion the Fifth Circuit agreed with the trial court and ruled that no evidence of the alleged medical malpractice on the part of Ochsner or Dr. Summer could be introduced at the trial of the Magnolia School.
Subsequently, the Magnolia School filed a third party demand in the 24th Judicial District Court of Jefferson Parish naming Dr. Summer and Ochsner as third party defendants in the suit filed against Magnolia School by Ms. Glass. As third party defendants, Ochsner and Dr. Summer would be liable for contribution, to the Magnolia School in the event that the Magnolia School was found liable. The trial court granted the demand.
The trial on the merits of Ms. Glass' wrongful death claim and survival action in the 24th Judicial District Court of Jefferson Parish commenced and the jury found in favor of the Magnolia school, concluding that it was not negligent in its supervision of Wayne. Ms. Glass appealed the jury's findings, asserting manifest error. On appeal, the Fifth Circuit Court of Appeal reversed the trial court, finding the Magnolia School 100% liable for the damages suffered by Ms. Glass. Ms. Glass was awarded a judgment for the wrongful death of her son and his survival action *785 plus interest and costs.[3] Subsequently, the Magnolia school filed writs to the Supreme Court, which were denied and the judgment of Fifth Circuit became final. The Magnolia School tendered to Ms. Glass the amount ordered in the judgment rendered by the Fifth Circuit.

Civil District Court for the Parish of Orleans
In Ms. Glass' concurrent wrongful death claim and survival action against Ochsner and Dr. Summer in the Civil District Court for the Parish of Orleans, the defendants filed an Exception of Lis Pendens. The trial court granted appellees Exception and dismissed Ms. Glass's suit against Ochsner and Dr. Summer. On appeal, this Court reversed the trial court's granting of the exception and remanded the case for a ruling consistent with its opinion.
On remand, Ochsner sought dismissal of Ms. Glass's claim by filing a Peremptory Exception raising the objections of Res Judicata and No Right of Action. The trial court granted the exceptions and dismissed appellant's suit.
It is from this ruling that Ms. Glass filed this timely appeal.

Standard of Review
Appellate review of a question of law is simply a decision as to whether the trial court's decision is legally correct or incorrect. Jim Walter Homes, Inc. v. Jessen, 98-1685 (La.App. 3 Cir. 3/31/99), 732 So.2d 699. If the trial court's decision was based on its erroneous application of law, rather than on a valid exercise of discretion, its decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983) When an appellate court finds that a reversible error of law was made in the lower court, it must redetermine that facts de novo from the entire record and render a judgment on the merits. Lasha v. Olin Corp., 625 So.2d 1002 (La.1993).

Assignments of Error
In appellants initial assignment of error she asserts the trial court erroneously granted defendants' Exception of Res Judicata and No Right of Action. The exception of Res Judicata, under La. R.S. 13:4231, states that a second litigation is barred by a previous judgment if the plaintiff seeks the same relief based on the same cause or grounds.[4] The "four prerequisites for application of the res judicata exception are: (1) parties must be identical in both suits, or in privity; (2) prior judgment must have been rendered by the court of competent jurisdiction; (3) there must be final judgment on the merits; and (4) same claim or cause of action must *786 be involved in both cases." Ortiz v. Ortiz, 01-1252, p 5 (La.App. 5 Cir.2002) 821 So.2d 35.
The four prerequisites for the application of res judicata are present in the case sub judice. In both actions asserted by Ms. Glass the parties were identical. In her initial petition in the 24th Judicial District Court of Jefferson Parish, Ms. Glass asserted a wrongful death claim and a survival action against The Magnolia School. Ultimately, Ochsner and Dr. Summer became Third Party Defendants because of their alleged contribution to Wayne's death. La. C.C.P. Art. 1111 illustrates that a Third Party steps into the shoes of the defendant and can assert the same objections and defenses that are allotted to the principal defendant.[5] Therefore, once a party is added to the action as a Third Party defendant he is considered a party to the action for the purposes of res judicata. La. C.C.P Art. 1040 states "unless the context clearly indicates otherwise, wherever the word `plaintiff' or `defendant' are used, they respectively include a plaintiff and a defendant in an incidental demand." La. C.C.P. Art. 1040. Therefore, all defendants were identical in the action brought in the 24th Judicial District Court of Jefferson Parish and in the concurrent action in the Civil District Court for the Parish of Orleans.
The 24th Judicial District Court of Jefferson Parish was a jurisdictionally competent court. The Magnolia School was located within the Parish and the accident occurred on the school premises. The Fifth Circuit Court of Appeal, reversed the judgment of the trial court.[6] From this reversal, writs were filed in the Supreme Court of Louisiana, but were denied, making the Fifth Circuit Court of Appeal's judgment final.
Finally, as stated above, the fourth requirement requires the same claim or cause of action to be involved in each case. The comment to La. R.S. 13:4231 states:
Under the new R.S. 13:4231, a second action would be barred because it arises out of the occurrence which was the subject matter of the prior litigation. The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action assert a cause of action which arises out of the transaction or occurrence which was the subject of the first action.... For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action. La. R.S. 13:4231 cmt. A (1990)
Based upon a review of the facts we can determine that both causes of action arise out of the same transaction. Both claims arose out of the death of Ms. Glass' son *787 after injury at school and treatment at the hospital. The same transaction was the catalyst for the creation of both causes of action; therefore the exception of res judicata is applicable.
Therefore, in the case sub judice, the trial court properly granted the appellee's exception of res judicata.
In finding the granting of the exception of res judicata proper by the trial court in Civil District Court for the Parish of Orleans, discussion of the other assignment of error raised by Appellant are pretermitted. The granting of the exception of res judicata disposes of the case.

Conclusion
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] In its Opinion and Reasons rendered on March 23, 2001, the Medical Review Panel stated: The evidence does not support the conclusion that the defendant, Ochsner Foundation Hospital, failed to meet the applicable standard of care as charged in the complaint. There is nothing in the records that indicate that the hospital and/or its employees deviated from the standard of care.
[2] Sidney Glass, et al. v. the Magnolia School, Inc. et al, 99-C-1224 (La.App. 5 Cir. 11/10/99); unreported.
[3] Glass v. Magnolia School, Inc. 01-1209 (La. App. 5 Cir. 3/13/02) 815 So.2d 143.
[4] § 4231 Res Judicata

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
[5] C.C.P. Art. 1111 Defendant may bring in third person

The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to whom for all or part of the principal demand.
In such cases the plaintiff in the principal action may assert any demand against the third party defendant arising out of or connected with the principal demand. The third party defendant thereupon shall plead his objections and defenses in the manner prescribed in Articles 921 through 969, 1003 through 1006, and 1035, he may reconvene against the plaintiff in the principal action or the third party plaintiff, on any demand arising out of or connected with the principal demand, in the manner prescribed in Article 1061 through 1066.
[6] Glass v. Magnolia School, Inc. 01-1209 (La. App. 5 Cir. 3/13/02) 815 So.2d 143.