PATRICIA RIVET MURRAY, Judge.
| defendant, R. & B. Falcon,[1] takes this interlocutory appeal from the district court’s denial of its exception of improper venue. For the reasons that follow, we affirm.
*229 FACTS AND PROCEEDINGS BELOW
On June 15, 2001, the plaintiffs, Linda and Scotty Wiggins, filed suit in Orleans Parish Civil District Court against R. & B. Falcon and Shell Exploration and Production Company [“SEPCO”] alleging that defendants were liable for the wrongful death of plaintiffs’ son, Thomas Wiggins. Thomas Wiggins, an employee of R. & B. Falcon, was killed when he was accidentally struck by a crane while working aboard the DEEPWATER NAUTILUS, a semi-submersible drilling vessel that plaintiffs alleged was owned by R. & B. Falcon and operated by SEPCO.
SEPCO filed a motion for summary judgment based on the following undisputed facts. In 1998, SEPCO’s sister corporation, Shell Deepwater | ¡Development Inc. [“SDDI”], entered into a contract with R. & B. Falcon under which R. & B. Falcon agreed to perform drilling operations in the Gulf of Mexico utilizing the DEEPWATER NAUTILUS, which R. & B. Falcon was to construct according to the specifications provided by SDDI. One provision of the contract provided that SDDI was entitled to designate representatives to observe the work of R. & B. Falcon, which representatives were specifically empowered to act for SDDI in all respects relating to R. & B. Falcon’s performance under the contract. Pursuant to this provision, SDDI designated certain employees of SEPCO, its sister corporation, to be on board the vessel to observe the work of R. & B. Falcon.
Based on these facts, SEPCO argued in its motion for summary judgment that R. & B. Falcon had operational control of the vessel, that SEPCO’s employees were only on board as the representatives of SDDI[2], and that, therefore, SEPCO could not have any liability for the decedent’s accident. Contemporaneously with SEPCO’s motion for summary judgment, R. & B. Falcon filed exceptions of improper venue and improper joinder of parties. These exceptions were based on the assertion that venue would not exist in Orleans Parish unless SEPCO was a proper party to the litigation, which R. & B. Falcon argued was not the case.
The district court heard the motion and exceptions on February 18, 2005. On May 24, 2005, the district court rendered judgment denying the motion for summary judgment brought by SEPCO[3] and the exceptions filed by R. & B. Falcon. R. & B. Falcon now appeals the denial of its exception of improper venue.
J^DISCUSSION
R. & B. Falcon is a foreign corporation; its registered principal place of business in Louisiana is in East Baton Rouge Parish. SEPCO is a foreign corporation that has its Louisiana registered principal place of business in Orleans Parish. The sole issue on appeal is whether the district court correctly determined that venue as to R. & B. Falcon is proper in Orleans Parish. As there are no facts in dispute, the appropriate standard of review is simply for this court to determine whether the district court’s decision is legally correct or incorrect. Glass v. Alton Ochsner Medical Foundation, 2004-1824, *230 p. 5 (La.App. 4 Cir. 6/01/05), 907 So.2d 782, 785.
Under La. C.C.P. article 42(4), an action against a foreign corporation licensed to do business in Louisiana must be brought in the parish where its primary place of business in this state is located. One of the exceptions to this general rule is found in La. C.C.P. article 73, which provides, in pertinent part:
A. An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant. ...
B. If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.
In the instant case, plaintiffs allege that defendants are solidary obligors; therefore, because SEPCO may be sued in Orleans Parish pursuant to Article 42, plaintiffs 14argue that venue is also proper as to R. & B. Falcon in Orleans Parish pursuant to Article 73. Conversely, R. & B. Falcon argues that SEPCO is not a viable defendant because there exists no basis for the independent liability of SEPCO, that SEP-CO was clearly joined as a defendant for the sole purpose of obtaining venue against R. & B. Falcon in Orleans Parish, and that Article 73(B) prohibits such a joinder from being used to establish venue.
We first note that R. <& B. Falcon’s reliance upon Article 73(B) is misplaced. By its very terms, that provision only applies if the action against the defendant as to which venue is proper under Article 42 has been “compromised prior to judgment” or “dismissed after a trial on the merits.” Neither condition has occurred in the instant case. SEPCO did attempt to have plaintiffs’ action against it dismissed on summary judgment,[4] but did not succeed. Therefore, Part B of Article 73 is inapplicable. Moreover, according to the plain terms of Part A, venue is proper in an “action against joint or solidary obligors” whenever the action is brought in a parish where Article 42 venue is proper as to any one of the obligors named a defendant. In the instant case, SEPCO remains a viable defendant whose negligence plaintiffs have alleged is responsible, along with the negligence'of R. & B. Falcon, in causing Thomas Wiggins’ death. Moreover, the district court has found that there is a genuine issue of material fact as to whether SEP-CO has any independent negligence in this matter. Neither that decision nor the denial of the exception of improper joinder is subject to review by interlocutory appeal; the | ^instant appeal concerns only the denial of the venue exception.[5] Because the two defendants are alleged to be joint tort-feasors, venue is clearly proper as to both defendants in Orleans Parish. R. & B. Falcon has cited no jurisprudence that supports the application of Article 73(B) to the instant situation, which clearly does not fall under the ambit of that provision.
*231 Alternatively, R. & B. Falcon argues that even if SEPCO were a valid defendant, Article 73 would not apply because legally there can be no joint or solidary obligation between it and SEPCO. Appellant bases this argument on the assertion that SEPCO’s duty to the decedent was different from the duty .owed him by R. & B. Falcon, his Jones Act employer.
This argument is not convincing. Appellant has cited no authority to support its contention that in order to be joint tortfeasors or solidary obligors, defendants must owe the same duty. Generally, delic-tual obligations are considered joint or sol-idary if their breach causes the same harm, which, in the instant case, is alleged to be the death of Thomas Wiggins. See, e.g.: Hennegan v. Cooper/T. Smith Stevedoring Co., 2000-0282 (La.App. 4 Cir. 12/30/02), 837 So.2d 96 (manufacturer of defective product found solidarily liable with vessel owner/employer for seaman’s death). Because there can be more than one cause of the harm to the plaintiff, there can be multiple wrongdoers (joint tortfeasors) that are liable. Id., p. 6, 837 So.2d at 102. We therefore reject R. & B. Falcon’s contention that, as a matter of law, it cannot be found to be a joint or solidary obligor with SEPCO in the instant case.
1 «CONCLUSION
For the reasons stated, we find no error in the district court’s denial of the exception of improper venue raised by R. & B. Falcon. Accordingly, we affirm the judgment of the district court.
AFFIRMED.

. For purposes of this appeal, "R. & B. Falcon” refers to any one of four related corporate entities, including R. & B. Falcon Management Services, Inc.; R. & B. Falcon Exploration Company; R. & B. Falcon Deepwater (UK) Limited; and R. & B. Falcon Corporation.

. SDDI was not named as a defendant in the lawsuit.

. SEPCO applied for supervisory writs from the denial of the motion. On May 17, 2004, this court denied the application, stating that SEPCO had an adequate remedy on appeal. In his partial concurrence/partial dissent, Judge Tobias agreed that there remained a genuine issue of fact as to SEPCO’s independent negligence, but differed from the majority in that he would have granted the writ application on the issue of SEPCO’s lack of operational control.

. We note that dismissal by summary judgment is not specifically mentioned in Article 73(B). We express no opinion as to the application of the article to that hypothetical situation.

. The denial of an exception of improper venue is considered an interlocutory judgment that may cause irreparable injury and therefore is immediately appealable pursuant to La. C.C.P. art. 2083. See Greater Lafourche Port Commission v. Louisiana State Civil Service Commision, 481 So.2d 745 (La.App. 1st Cir. 1985).