| PATRICIA B. HEATON, | * | NO. 2019-CA-0331 |
| HENRY F. HEATON AND | | |
| LATTER & BLUM, INC. | * | |
| | | COURT OF APPEAL |
| VERSUS | * | |
| | | FOURTH CIRCUIT |
| EFFIE CHAISSON, REALTY | * | |
| REVOLUTION, L.L.C. DBA | | STATE OF LOUISIANA |
| REVOLUTION REALTY AND | * * * * * * * | |
| XYZ INSURANCE COMPANY | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-02257, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Regina Bartholomew-Woods,
Judge Paula A. Brown)

Steven Thomas Richard
911 Veterans Memorial Blvd., Suite 204
Metairie, LA 70005

    COUNSEL FOR PLAINTIFFS/APPELLANTS

Gustave Alexander Fritchie, III
McDonald G. Provosty
IRWIN FRITCHIE URQUHART & MOORE  LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130

    COUNSEL FOR DEFENDANTS/APPELLEES

**Affirmed**
**September 11, 2019**

This appeals arises out of a suit wherein Plaintiffs/Appellants, Patricia B. Heaton, Henry F. Heaton, and Latter and Blum, Inc. (collectively, the "Heatons") sought damages from Defendants/Appellees, Effie Chaisson, Realty Revolution, L.L.C. dba Revolution Realty[1] (collectively, "Ms. Chaisson") regarding a failed agreement for Shawn P. Gordon to purchase the Heatons' home. The Heatons filed two lawsuits. In the first lawsuit—"*Patricia Bannon Heaton, wife of/and Henry F. Heaton and Latter & Blum, Inc. versus Shawn [P.] Gordon*"[2] (referred to as "*Heaton v. Gordon*" or "first suit")—the Heatons sued Mr. Gordon, the buyer, and Mr. Gordon filed a third-party demand against Ms. Chaisson, his real estate broker. After hearing cross-motions for summary judgment filed by the Heatons and Mr. Gordon, the district court found no liability as to Mr. Gordon and dismissed the third-party demand against Ms. Chaisson. Following, the Heatons filed a second lawsuit (referred to as "*Heaton v. Chaisson*" or "second suit") directly against Ms. Chaisson. In turn, Ms. Chaisson filed a peremptory exception

---

[1] Although "XYZ Insurance Company" appears in the caption of this appeal, the record before this Court does not reflect it was properly named, and there was no request for service by the Heatons.

[2] Case No. 2016-12000 of the Civil District Court for the Parish of Orleans, Division N.

of *res judicata* which was granted by the district court. For the reasons set forth below, we affirm the district court's judgment.

## FACTUAL/PROCEDURAL HISTORY[3]

In May of 2016, the Heatons contracted with Latter and Blum, Inc., to be the broker for the sale of their residential property located at 231 36th Street, New Orleans, Louisiana, 70124. On May 11, 2016, Mr. Gordon, through his real estate agent, Ms. Chaisson and Realty Revolution, L.L.C., submitted to the Heatons a purchase offer bearing the alleged signature and initials of Mr. Gordon wherein Mr. Gordon offered to purchase the Heatons' home for $485,000.00 with a $2,500.00 deposit. There was a contingency addendum[4] included with the purchase agreement. The Heatons accepted the purchase offer, and they took their home off the market. On May 27, 2016, it was represented to the Heatons that the contingencies were being removed from the agreement. The Heatons attended the closing on July 15, 2016, but neither Mr. Gordon nor Ms. Chaisson was present. Due to his failure to appear at the closing, the Heatons placed Mr. Gordon in default.[5]

*Heaton v. Gordon*

On December 8, 2016, the Heatons' first petition ("*Petition I*") against Mr. Gordon asserted breach of contract. On March 7, 2017, Mr. Gordon filed a third-party demand against Ms. Chaisson and Realty Revolution, L.L.C. The Heatons

---

[3] The uncontested factual/procedural history was elicited from the appellate record, including but not limited to the Heatons' petition filed in the second suit.

[4] The contingencies involved Mr. Gordon obtaining financing to purchase the Heatons' home and selling his home.

[5] In the event of default, the purchase agreement allowed damages in an amount equal to ten percent (10%) of the $485,000.00 ($48,500.00), plus the tendered $2,500.00 deposit, together with all costs, attorney's fees, and interest.

2

and Latter and Blum, Inc., did not amend *Petition I* to name Ms. Chaisson and Realty Revolution, L.L.C., as defendants.

In November of 2017, the Heatons and Mr. Gordon filed cross-motions for summary judgment. A hearing on the motions for summary judgment was held on January 12, 2018. On February 27, 2018, the district court issued a judgment: (1) denying the motion for summary judgment filed by the Heatons; (2) granting the motion for summary judgment filed by Mr. Gordon; and (3) dismissing the third-party demand filed by Mr. Gordon against Ms. Chaisson and Realty Revolution, L.L.C. as moot. No appeal was filed.

*Heaton v. Chaisson*

On March 7, 2018, the Heatons filed a second petition for damages ("*Petition II*") against Ms. Chaisson, which is the subject of this appeal. In *Petition II*, the Heatons alleged breach of the purchase agreement. Alternatively, the Heatons asserted that the actions of Ms. Chaisson, including her admission that there was no written authority on behalf of Mr. Gordon to execute the purchase agreement and all other documents related to the sale of the Heatons' home, constituted: (1) breach of duty by a relator owed to third-parties, provided under La. R.S. 9:3894; (2) negligence and/or negligent misrepresentation, provided under La. C.C. art. 2315; and (3) civil fraud, provided under La. C.C. art. 1953. The Heatons alleged that Realty Revolution, L.L.C., was liable under the doctrine of *respondeat superior.* The Heatons sought damages, which included ten percent of the purchase price, the deposit, "plus all costs, interest and attorney fees in attempting to collect this indebtedness, including the filing and prosecution of both civil action CDC 2016-12000 and this civil action." Latter and Blum, Inc., sought its lost real estate broker commission.

3

In response, on August 22, 2018, Ms. Chaisson filed a peremptory exception of prescription, alternatively, a peremptory exception of *res judicata*. The hearing was held on November 30, 2018. At the conclusion of the hearing, the district court: (1) granted the *res judicata* exception; (2) found there was no way to amend *Petition II* to resolve the issue; and (3) held that there was no need to address the prescription issue since the case was dismissed based on *res judicata*. A judgment was issued by the district court on December 10, 2018. This appeal follows.

## DISCUSSION

The Heatons essentially assign two errors: (1) the district court erred by granting the *res judicata* exception; and (2) the district court erred by failing to allow the Heatons to amend *Petition II* to cure the exception of *res judicata*. After a review of the record and the applicable law, we affirm the district court's judgment.

### *RES JUDICATA*

The Heatons assert that the district court erred in granting Ms. Chaisson's exception of *res judicata* on three grounds: (1) the district court erred in considering facts not in the record, which in turn make the appellate record insufficient; (2) the elements of *res judicata* were not met; and (3) if this Court finds *res judicata* applicable, exceptional circumstances exist.

The standard of review of an exception of *res judicata* requires an appellate court to determine if the trial court's decision is legally correct or incorrect. *Bd. of Sup'rs of Louisiana State Univ. v. Dixie Brewing Co., Inc.*, 14-0641, p. 6 (La. App. 4 Cir. 11/19/14), 154 So.3d 683, 688 (citations omitted).

"The doctrine of *res judicata* precludes re-litigation of all causes of action arising out of the same transaction or occurrence that were the subject matter of a

4

prior litigation between the same parties." *Contogouris v. Ocean Therapy Sols.,*
*LLC*, 15-0472, p. 5 (La. App. 4 Cir. 1/27/16), 187 So.3d 18, 21 (citing *Oliver v.*
*Orleans Parish School Bd.*, 14-0329, 14-0330, pp. 20-21 (La. 10/31/14), 156 So.3d
596). La. R.S. 13:4231, amended in 1990 and effective January 1, 1991, codified
the *res judicata* principle:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

To succeed on an exception of *res judicata*, the jurisprudence has
established that the moving party—Ms. Chaisson in this case—*must* prove, by a
preponderance of the evidence, the five elements of *res judicata*:

> 1) the judgment is valid; 2) the judgment is final; 3) the parties are the same; 4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and 5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject of the first litigation.

*Barrasso Usdin Kupperman Freeman & Darver, L.L.C. v. Burch*, 14-1020, 14-
1021, pp. 11-12 (La. App. 4 Cir. 3/18/15), 163 So.3d 201, 209 (citing *Chevron*
*USA, Inc. v. State*, 07-2469, p. 10 (La. 9/08/08), 993 So.2d 187, 194); *See also,*

5

*Louisiana Workers' Comp. Corp. v. Betz*, 00-0603, p. 2 (La. App. 4 Cir. 4/18/01), 792 So.2d 763, 765.

In addition, La. C.C.P. art. 425, which was also amended in 1990, provides in part that "[a] party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation."

The Supreme Court explained in *Oliver*, 156 So.3d 596, the impact of the 1990 amendment to La. R.S. 13:4231 and its relationship to La. C.C.P. art. 425:

> As the Official Comments note, the 1990 amendment to La. R.S. 13:4231 "makes a substantial change in the law," as under the prior statute, "a second cause of action would be barred by the defense of res judicata only when the plaintiff seeks the same relief based on the same cause of action or grounds." Under the revised statute, "[t]he central inquiry is . . . whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action." "This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence." This is in line with La. C.C.P. art. 425, which also now requires that a party "shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." The Comments to Article 425 explain that Article 425 was amended at the same time as the *res judicata* statute and "expands the scope" of the Article to reflect those changes made to the *res judicata* statute and to put "the parties on notice that all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation must be raised."

*Id.*, 14-0329, 14-330, pp. 20-21, 156 So.3d at 611-12 (footnotes omitted). Moreover, in *Myers v. Nat'l Union Fire Ins. Co. of Louisiana*, 09-517, pp. 9-10 (La. App. 4 Cir. 5/19/10), 43 So.3d 207, 213 (quoting *Maschek v. Cartemps USA,* 04-031, p. 5 (La. App. 4 Cir. 2/16/05), 896 So.2d 1189, 1193), this Court explained that, with the 1990 amendment, *res judicata* under Louisiana law included both claim and issue preclusion:

> Under claim preclusion, a *res judicata* judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue

preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes re-litigation of the same issue in a different cause of action between the same parties. Thus, *res judicata* used in the broad sense [h]as two different aspects: 1) foreclosure of re-litigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of re-litigating matters that have been previously litigated and decided.

In *Oliver*, the Supreme Court reiterated, that under the amendment to La. R.S. 13:4231, the question is not necessarily whether the claims were actually litigated or adjudicated in the prior suit; rather, the test is "now whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the prior action." *Id*., 14-0329, p. 34 (La. 10/31/14), 156 So.3d at 619.

With these principles of law in mind, we turn to the Heatons' raised issues.

*Sufficiency of the record*

The Heatons assert that the district court erred in considering facts not introduced into evidence. They point out that the entire record in *Heaton v. Gordon* was not admitted into evidence at the hearing on the *res judicata* exception, resulting in the court being unable to determine what causes of action were litigated in the first suit. In support, the Heatons cite *Hoddinott v. Hoddinott*, 16-1059, p. 2 (La. App. 4 Cir. 4/19/17), 217 So.3d 540, 541 (quoting *Sewell v. Argonaut Southwest Ins. Co*., 362 So.2d 758, 760 (La. 1978)), wherein this Court noted that to determine the merits of an exception of *res judicata* "'the court must examine not only the pleadings of the case at hand but also the entire record in the first suit, to determine whether the availability of the particular form of relief sought in the second suit was actually ruled upon.'" The Heatons contend that because the entire record of the first suit was not introduced into the record at the

7

hearing on the *res judicata* exception, the appellate record is "devoid of sufficient facts to show what if any issues were addressed between appellants and appellees in this proceeding."

We find the Heatons' reliance on *Hoddinott* is misplaced. Markedly, in *Hoddinott*, the consent judgment, which was at the heart of the *res judicata* exception, was not contained in the record. *Id.*, 16-1059, p. 3 (La. App. 4 Cir. 4/19/17), 217 So.3d at 541 (wherein this Court noted that the appellee conceded that the consent judgment was not introduced into the record). While this Court in *Hoddinot* recognized that the entire record of the first proceeding was needed to determine the merits of the *res judicata* exception *in that case*, we do not find that it is necessary in every case if the record is sufficient to review the granting or denial of an exception of *res judicata*. The Third Circuit in *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210 (La. App. 3 Cir. 3/9/11), 58 So.3d 1057, made a similar determination. In *Fogleman*, the appellant, the non-moving party, sought review of the trial court's granting of a *res judicata* exception. On appeal, the appellant asserted that the appellee, the moving party, failed to include the entire record from the first litigation making it impossible for the appellee to meet its burden of proof for its exception of *res judicata*. In support, the appellant cited *Union Planters Bank v. Commercial Capital Holding Corp.,* 04-871 (La. App. 1 Cir. 3/24/05), 907 So.2d 129, wherein the appellate court reversed a trial court's grant of an exception of *res judicata* because the moving party failed to introduce any of the prior litigation's record. The Third Circuit found that the *Union* court "did not conclude that the entire record from the first suit *must* be included at the hearing on the exception of res judicata," but that the *Union* court "merely found that the excepting party failed to carry its burden of proof due to a complete

8

absence of evidence in the record of what was allegedly previously adjudicated."
*Fogleman*, 10-1210, p. 4 (La. App. 3 Cir. 3/9/11), 58 So.3d at 1061. The Third Circuit opined that "[c]learly, a party pleading res judicata cannot succeed without any evidence of what was adjudicated," but it was not persuaded by the appellant's argument because the record before it contained part of the previous litigation, including the judgment which was under consideration on appeal. *Id.*, 10-1210, p. 5 (La. App. 3 Cir. 3/9/11), 58 So.3d at 1061.[6]

In the case *sub judice*, the appellate record notably includes *Petition II*, the transcript of the hearing on the *res judicata* exception, exhibits—A, B, C, and D—that were admitted into evidence at the hearing on the *res judicata* exception, and the judgments from *Heaton v. Gordon* and *Heaton v. Chaisson*.

In *Petition II*, the Heatons set forth the basis for Mr. Gordon's summary judgment filed in *Heaton v. Gordon*:

> 12. On November 8, 2017, plaintiffs in CDC Case No. 2016-120000 [sic] filed a motion for summary judgment against the defendant Shawn P. Gordon. On or about November 30, 2017, Shawn Gordon filed a Motion for summary judgment as to the Plaintiffs' claims against him for breach of contract, wherein he asserted that the defendants hereon, Effie Chaisson and Realty revolution, L.L.C. dba Revolution Realty had no written authority to execute the Purchase Agreement or any other documents related to the sale and purchase of the Heatons' home at 231 36th Street, NOLA 70124, as no formal Power of Attorney existed to provide her with such authority.
>
> 13. At the January 12, 2018, [sic] hearing in CDC Case No. 2016-12000 on both motions for summary judgment, the Court contemporaneously denied Plaintiffs' motion for summary judgment and granted Shawn Gordon's motion for summary judgment. At the summary judgment hearing, Effie Chaisson and Realty Revolution, L.L.C. dba Revolution Realty, via counsel, stipulated to the Court via judicial admission that Effie Chaisson had no power of attorney

---

[6] The Third Circuit, after a review of the record, concluded that because the Texas and Louisiana actions did not arise out of the same transaction, the trial court erred in granting the exception of *res judicata. Fogleman,* 10-1210, p. 5, 58 So.3d at 1061-62.

authorizing her to execute the Purchase Agreement or any other documents related to the sale of the subject property.

Exhibit (A), the affidavit of Philip A. Gattuso, attorney for Mr. Gordon, shows that before the filing of *Petition I*, in *Heaton v. Gordon*, Mr. Gattuso wrote to the attorney representing the Heatons on October 17, 2016, and December 1, 2016, informing the attorney that the purchase agreement and related documents were not signed by Mr. Gordon and that Ms. Chaisson did not have a signed power of attorney giving her legal authority to sign Mr. Gordon's name on the documents. Attached to exhibit A were the referenced letters. In the letter dated December 1, 2016, Mr. Gattuso explained Ms. Chaisson's role in the matter to the Heatons' attorney:

> I want to go on record stating that I have made you (and presumably your clients through you) aware that my client did not sign the agreement to purchase nor did he grant proper legal authority for Ms. Chaisson to sign his name to such or to any of the other legal documents waiving the predication and financing contingencies. I believe due diligence requires that if your investigation findings agree with mine, that Mr. Gordon not be sued, and that to do so knowing that there was no valid legal authority given to sign his name to the documents in question could render your clients liable for sanctions and attorneys['] fees.

> * * *

> If you think you have a cause of action against Ms. Chaisson, whom I don't represent, I see no reason why you can't sue her and her E&O carrier directly without having to sue my client. If you find during your discovery period after suit is filed something contrary to what I have been saying, then you can always bring Mr. Gordon in at a later date. But if he didn't sign the [sic] both the agreement and addendum cancelling the predication and waiving financing, nor gave anyone valid legal authority to do so, then I don't believe he has any liability in this matter.

Exhibit (B), responses to discovery propounded in *Heaton v. Gordon*, dated July 31, 2017, (*before* the motions for summary judgment were filed in *Heaton v. Gordon*), reflects that Ms. Chaisson admitted Mr. Gordon did not sign the purchase

10

agreement and other related documents; she signed Mr. Gordon's name with his express authority; and she signed Mr. Gordon's name to the contingency addendum without written power of attorney authorizing her to do so.[7]

Exhibit (C), a demand letter from the Heatons' trial counsel[8] dated August 3, 2017, (*before* the motions for summary judgment were filed in *Heaton v. Gordon*), to the attorney representing Ms. Chaisson reveals that trial counsel for the Heatons knew of and acknowledged Ms. Chaisson's admission:

> I cannot tell you how shocked I was to read your discovery responses which admitted that Ms. Chaisson did, in fact, execute Mr. Gordon's name on all of the documentation, and did so without a written power of attorney.
>
> Having litigated this issue countless times, you know as well as I, that without a written power of attorney it is problematic whether I have a binding agreement with Gordon, but I have a simple and winnable claim against Ms. Chaisson which will be filed next week if we do not resolve this matter now.

Exhibit (D), the February 27, 2018 judgment from *Heaton v. Gordon,* discussed *supra,* indicates Mr. Gordon's motion for summary judgment was granted, and Mr. Gordon's third-party demand against the Heatons was dismissed as moot.

---

[7] The pertinent request for admissions provided:

> REQUEST FOR ADMISSION NO. 5:
> The Contingency Addendum relative to the property located at 231 36th Street, New Orleans, Louisiana 70124, dated May 11, 2016 and May 12, 2016, was signed by Effie Chaisson on behalf of the Buyer without any written power of attorney authorizing her to sign his name thereto.
>
> RESPONSE TO REQUEST FOR ADMISSION NO. 5:
> Admitted. The Addendum was signed by Effie Chaisson with the voluntary, knowing and express authority of Shawn P. Gordon, through e-mail, text, or verbal authorization, to execute documents on his behalf.

[8] Jack A. Ricci was trial counsel for the Heatons and Latter and Blum, Inc. in *Heaton v. Gordon;* Steven T. Richard is counsel for the Heatons and Latter and Blum, Inc. in the instant suit.

The transcript of the hearing on the *res judicata* exception reflects that the attorney for Ms. Chaisson argued the Heatons' action was barred by claim preclusion pursuant to La. C.C.P. art. 425. The attorney asserted that the presiding judge in *Heaton v. Gordon* granted Mr. Gordon's summary judgment on the grounds that Mr. Gordon did not sign the documents, and there was no formal power of attorney authorizing Ms. Chaisson to do so resulting in Mr. Gordon, by law, not being bound by the purchase agreement. The attorney pointed out there was nothing prohibiting the Heatons from adding Ms. Chaisson and Realty Revolution, L.L.C., as defendants in *Heaton v. Gordon*. In response, the attorney for the Heatons urged that *res judicata* was inapplicable because "there was [sic]no findings of fact with regard to Chaisson and Revolution Realty."

We find the appellate record is sufficient to review the district court's judgment, denying Ms. Chaisson's *res judicata* exception. In addition, we find the record does not support the Heatons' assertion that the district court relied on facts not introduced into evidence.

Thus, we find this claim lacks merit.[9]

*Elements of Res judicata*

We find the first two elements of *res judicata*—the judgment is valid and final—which are not contested by the Heatons were met.[10] The third element of

---

[9] We note the better practice would be to introduce the entire record of the first proceeding into the record at a hearing on an exception of *res judicata*.

[10] The judgment in *Heaton v. Gordon* pertinently provided:

> When after hearing the pleadings, evidence and argument of counsel, the Court being of the opinion that the defendant, Shawn P. Gordon, is entitled to the relief prayed for as per reasons this day orally assigned:
>
> **IT IS ORDERED, ADJUDGED and DECREED** that the Motion for Summary Judgment filed by Shawn P. Gordon against plaintiffs, Patricia Bannon

*res judicata*—whether the parties in the first suit are the same as the parties in the second suit—is contested by the Heatons. The Heatons' contend that "Appellees were named only as third-party defendants" in the first suit, and under La. C.C.P. art. 1111, they were not required to assert a demand against the third-party defendants. Louisiana Code Civil Procedure Article 1111 provides that a "defendant in a principal action by petition may bring in any person. . . . The plaintiff in the principal action may assert any demand against the third-party defendant arising out of or connected with the principal demand."

---

Heaton, wife of/and Henry F. Heaton and Latter & Blum, Inc [sic] is granted, and the petition of the plaintiffs is hereby dismissed at their costs.

* * *

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that plaintiffs['], Patricia Bannon Heaton, wife of/and Henry F. Heaton and Latter & Blum, Inc., Motion for Summary Judgment against defendant, Shawn [P.] Gordon, be and same is hereby denied.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that the third[-]party petition against Effie Chaisson and Revolution Realty, LLC d/b/a Revolution Realty is dismissed, the same being moot.

We note the judgment was silent as to the dismissal of the Heatons' petition with prejudice. Notwithstanding, in *Jackson v. State Farm Mutual Automobile Insurance Company,* 27,611, pp. 4-5 (La. App. 2 Cir. 12/6/95), 665 So.2d 661, 664, the trial court, in granting the summary judgment in favor of insurer, dismissed the action "without prejudice." On appeal, in granting the insured's request, in answering the appeal, for amendment of the judgment to reflect dismissal of the claims with prejudice, the Second Circuit explained:

When summary judgment is proper, the resulting judgment is final, granting a party part or all of the requested relief. LSA–C.C.P. Arts. 966 and 1915(A)(3). The relief granted is final and not subject to revision by the trial court outside of new trial procedures. Just as it is erroneous to grant a dismissal without prejudice after a trial on the merits, it is erroneous to grant a dismissal without prejudice pursuant to the granting of a motion for summary judgment. By its nature the granting of summary judgment indicates that there is nothing left to determine and the law requires judgment be entered for one party.

*Id.*, 27,611, pp. 4-5 (La. App. 2 Cir. 12/6/95), 665 So.2d 661, 664. *See also*, *Fiveash v. Pat O'brien's Bar, Inc.*, 15-1230, p. 5 (La. App. 4 Cir. 9/14/16), 201 So.3d 912, 916 (quoting *Vega v. Wal-Mart Stores, Inc.*, 03-2239, p. 3 (La. App. 1 Cir. 9/17/04), 888 So.2d 242, 243)(wherein this Court explained that "'[b]y its nature the granting of summary judgment indicates that there is nothing left to determine and the law requires judgment be entered for one party.'"

Analogous to this case is *Glass v. Alton Ochsner Med. Found*, 04-1824 (La. App. 4 Cir. 6/1/05), 907 So.2d 782, wherein this Court reviewed the trial court's judgment which granted a *res judicata* exception when the exception was filed by a third-party defendant that was named in the initial suit by the defendant but not by the plaintiff. In *Glass*, Wayne Hicks, a mentally disabled adult, was a resident at the Magnolia School for the mentally disabled when he nearly drowned in the school's swimming pool. Following the incident, Mr. Hicks was brought to Ochsner Hospital where he was treated by Dr. Summer. Four days after being admitted to the hospital, Mr. Hicks died. Mr. Hicks' mother, Ms. Glass, filed a survival action and wrongful death claim against Magnolia School, its staff, and its insurer. Magnolia School filed a third-party demand against Ochsner and Dr. Summer; Ms. Glass did not name Ochsner and Dr. Summer as defendants. At trial, the jury found in favor of the Magnolia School, but on appeal, the Fifth Circuit reversed the trial court and concluded that the Magnolia School was 100% liable for the damages suffered by Ms. Glass.[11] In a separate suit, Ms. Glass filed a survival action and wrongful death claim against Oschner and Dr. Summer. Oschner sought dismissal of Ms. Glass' claims by filing an exception of *res judicata* and no right of action, which were granted by the trial court. On appeal, Ms. Glass argued that the trial court erred in granting the *res judicata* exception as all of the elements of *res judicata* were not met. This Court disagreed and affirmed the trial court's judgment. In addressing the element of *res judicata* of whether the parties were the same, this Court opined:

> La. C.C.P. Art. 1111 illustrates that a Third Party steps into the shoes
> of the defendant and can assert the same objections and defenses that

---

[11] *Glass v. Magnolia School, Inc.*, 01-1209 (La. App. 5 Cir. 3/13/02) 815 So.2d 143.

are allotted to the principal defendant. Therefore, once a party is added to the action as a Third Party defendant he is considered a party to the action for the purposes of *res judicata.*

*Id.*, 04-824, p. 6 (La. App. 4 Cir. 6/1/05), 907 So.2d 782, 786, (footnote omitted).

Similarly, in the case *sub judice*, Ms. Chaisson and Realty Revolution, L.L.C., were named as third-party defendants in *Heaton v. Gordon*; thus, they were parties to first suit. We find the third element of *res judicata* was met.

We also conclude that the fourth element of *res judicata*—the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation—was met. Unquestionably, the cause of action asserted in *Petition II* existed at the time of the final judgment in *Heaton v. Gordon,* and counsel for the Heatons acknowledged, *via* demand letter to Ms. Chaisson's attorney before the motions for summary judgment were filed, that the Heatons had a viable claim against Ms. Chaisson.[12]

The fifth element of *res judicata*—whether the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject of the first litigation—is not directly contested by the Heatons. Rather, the Heatons' assert that *res judicata* is inapplicable because the claims between the Heatons and Ms. Chaisson were never litigated in *Heaton v. Gordon* as they were dismissed as moot. In support, the Heatons cite *Interdiction of Hunter*, 18-685, p. 4 (La. App. 4 Cir. 12/19/19)(unpubl.), *writ denied*, 19-0208 (La. 4/8/19), 267 So.3d 608, wherein this Court, in reviewing the trial court's granting of a *res judicata*

---

[12] As discussed *supra*, the Heatons' trial counsel in *Heaton v. Gordon* sent a demand letter to the attorney representing Ms. Chaisson wherein: he acknowledged Ms. Chaisson's admitted, in the request for admissions, that she "executed Mr. Gordon's name . . . without a written power of attorney"; he asserted that he had a "winnable claim" against Ms. Chaisson; and he demanded damages.

exception, noted that "[t]he court must determine what matters were actually litigated and decided."

In the case *sub judice*, the record reflects that the district court litigated the claims asserted by the Heatons against Mr. Gordon. In *Petition II,* the Heatons allege that the basis for Mr. Gordon's summary judgment was that Ms. Chaisson signed Mr. Gordon's name on the purchase agreement and related documents without a written power of attorney. The judgment in *Heaton v. Gordon* reflects Mr. Gordon's motion for summary judgment was granted, and the Heatons' summary judgment was denied. Finding no liability against Mr. Gordon, the district court dismissed Mr. Gordon's third-party demand against Ms. Chaisson as moot. As the Fifth Circuit explained in *Howard v. Baker Heritage Hosiery*, 96-335, p. 6 (La. App. 5 Cir. 10/1/96), 683 So.2d 827, 830:

> [A] third-party defendant cannot be held liable on the main demand unless the plaintiff amends the petition to make the third-party defendant a direct defendant. La.C.C.P. art. 1111; *Johnson v. Acadian Contractors*, 590 So.2d 623 (La. App. 3rd Cir.1991), *writ denied*, 591 So.2d 700 (La.1992); *Shaffer v. Illinois Cent. Gulf R. Co.,* 479 So.2d 927 (La. App. 1st Cir.1985), *writ denied*, 483 So.2d 1021 (La.1986).

*See also*, *Ebinger v. Venus Const. Corp.*, 10-2516, p. 10 (La. 7/1/11), 65 So.3d 1279, 1286-87. Thus, the Heatons' failure to amend their petition naming Ms. Chaisson and Realty Revolution, L.L.C., as defendants constrained the district court to dismiss the claims as moot.

Moreover, the Heatons' argument that the merits of their claims against Ms. Chaisson were never litigated in the first suit is misdirected. The pertinent issue is whether the second suit (*Heaton v. Chaisson)* should be barred because it involves re-litigating claims that should have been advanced in the first suit (*Heaton v.*

16

*Gordon*) as the claims arise out of the same transaction and occurrence that were the subject matter of the first suit (*Heaton v. Gordon*).[13]

Once more, *Glass*, 907 So.2d 782, discussed *supra*, lends guidance. After Ms. Glass filed a suit directly against Oschner and Dr. Summers, Oschner filed an exception of *res judicata* which was granted. On appeal, this Court found the element of *res judicata* of whether the same claim or cause of action was involved in each case was met. Quoting the comment to La. R.S. 13:4231, this Court wrote:

> Under the new R.S. 13:4231, a second action would be barred because it arises out of the occurrence which was the subject matter of the prior litigation. The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action assert a cause of action which arises out of the transaction or occurrence which was the subject of the first action. . . . For purposes of *res judicata* it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action. La. R.S. 13:4231 cmt. A (1990).

*Id.*, 04-1824, p. 7, 907 So.2d at 786. This Court concluded that both causes of action arose out of the same transaction because "[b]oth claims arose out of the death of Ms. Glass' son after injury at school and treatment at the hospital. The

---

[13] Compare, *Interdiction of Irma D. Hunter*, 18-685 (La. App. 4 Cir. 12/19/18)(unpubl.), *writ denied*, 19-0208 (La. 4/8/19), 267 So.3d 608, wherein this Court found *dismissal of the first suit on procedural grounds* did not meet the *res judicata* prohibition as to a second suit. In *Hunter*, the first suit was brought by Mrs. Hunter's husband who sought full interdiction of his wife. Mrs. Hunter filed exceptions of no right of action, no cause of action, and vagueness. Because Mr. Hunter failed to file an opposition brief, the trial court prohibited Mr. Hunter from opposing the exception, granted the exceptions, and dismissed the case with prejudice. Following, Mrs. Hunter's daughter sought a full interdiction of her mother. In response, Mrs. Hunter filed exceptions including a *res judicata* exception. After the trial court granted Mrs. Hunter's exception, Mrs. Hunter's daughter appealed. On appeal, this Court reversed the granting of the *res judicata* exception writing "the judgment on the first petition granted the Defendant's exceptions of no right of action, no cause of action and vagueness. The merits of the interdiction, particularly concerning the Defendant's ability to make reasoned decisions, were not litigated. Accordingly, since these issues were never litigated and decided, the exception of res judicata was improperly sustained." *Id.*, 18-0685, p. 4 (La. App. 4 Cir. 12/19/18)(unpubl.), *writ denied*, 19-0208 (La. 4/8/19), 267 So.3d 608. *See also*, *Igbokwe v. Moser*, 12-1366 (La. App. 4 Cir. 4/24/13), 116 So.3d 727.

same transaction was the catalyst for the creation of both causes of action; therefore the exception of *res judicata* is applicable." *Id.*, 04-1824, p. 7, 907 So.2d at 787.

In the case *sub judice,* the claims from the second suit arose out of the same transaction and occurrence—the failed purchase agreement—as the first suit. That same transaction was the catalyst for the creation of the causes of action in the first and second suit. Thus, we conclude the fifth element of *res judicata* was met.

Accordingly, we find that all of the statutory requirements of *res judicata* were met.

*Exceptional circumstances*

The Heatons contend that even if this Court finds that the requirements of *res judicata* are met, there are exceptional circumstances in this case under La. R.S. 13:4232 to justify relief from the granting of the *res judicata* exception.

The pertinent exception relied on by the Heatons, pursuant to La. R.S. 13:4232(A)(1), provides that a judgment does not bar another action by a plaintiff "[w]hen exceptional circumstances justify relief from the res judicata effect of the judgment." In *Oliver*, 14-0329, 14-0330, p. 32, 156 So.3d at 618 (footnote omitted), the Supreme Court explained that "[t]he Official Comments [to La. R.S. 13:4232] note that the 'exceptional circumstances' rule is a severely limited category where a court's discretion to apply the rule 'must be exercised on a case by case basis and such relief should be granted only in truly exceptional cases, otherwise the purpose of res judicata would be defeated.'"

The Heatons assert that by applying *res judicata*, Ms. Chaisson will escape all wrongdoing and "applying res judicata blindly or mechanically in this case does not foster judicial economy or fundamental fairness." The Heatons explain that

Ms. Chaisson first admitted, on January 12, 2018, at the hearing on the motion for summary judgment, that she signed Mr. Gordon's name without a written power of attorney. On that same date, the judgment was issued by the district court which dismissed the claims against Mr. Gordon, including Mr. Gordon's third-party demand against Ms. Chaisson and Realty Revolution, L.L.C. The record before this Court, contrary to the Heatons' assertion, reflects that the Heatons were aware of Ms. Chaisson's actions, at the latest, prior to the filing of the motions for summary judgment.[14]

Next, the Heatons assert that the exceptional circumstance—that their claims were not fully litigated because they were dismissed—should prohibit application of *res judicata*. In *Oliver*, 14-0329, 14-0330, p. 34 (La. 10/31/14), 156 So.3d at 619, the Supreme Court rejected a similar argument. We likewise conclude the Heatons' failure to advance their claims against Ms. Chaisson in the first suit—in which they were aware and were litigated against Mr. Gordon—does not warrant this Court's exercise of discretion to bar the application of *res judicata* pursuant to La. R.S. 13:4232.

Accordingly, we find this claim lacks merit.

### *AMENDING PETITION II*

The Heatons assert that the district court erred in not allowing them to amend *Petition II* to cure the exception. In support, the Heatons cite La. C.C.P.art. 934 which provides:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within

---

[14] The district court, at the hearing on the exception, noted that Ms. Chaisson should have been sued during the first suit and "the issue should have come up . . . .[t]here was knowledge and they didn't do anything about it."

19

the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

The decision to allow a plaintiff to amend a petition under La. C.C.P. art. 934 is within the discretion of the trial court, and will not be disturbed absent manifest error or abuse of discretion. *Faubourg Saint Charles, LLC v. Faubourg Saint Charles Homeowners Ass'n, Inc.*, 18-0806, p. 9 (La. App. 4 Cir. 2/20/19), 265 So.3d 1153, 1159 (citations omitted). In denying the Heatons' request to amend *Petition II* at the hearing on the exception the district court noted that "I do not see anyway to amend it." We agree, and find that the district court did not abuse its discretion in declining to allow amendment of *Petition II*. Thus, this claim lacks merit.

## CONCLUSION

Based on the foregoing, the district court's judgment is affirmed.

**AFFIRMED.**

20